## MARKOWSKY *v.* RUBENSTEIN ET AL.

### [87 South. 278, No. 21568.]

FRAUD. *Instruction inapplicable to issue.*

> In an action of fraud and deceit the defendant, under a plea of general issue, is not entitled to an instruction advising the jury that the plaintiff was not entitled to a verdict, until he proved to the satisfaction of the jury that the contract sued on was not only false, but that the defendant knew it was false at the time it was made, when the defendant testified that he had not made the alleged contract at all.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Suit by Gust Markowsky against L. Rubenstein and another. Decree for defendants, and plaintiff appeals. Reversed and remanded.

*Tally & Mayson,* for appellant.

*T. Webber Wilson* and *N. C. Hill,* for appellees.

No brief found in the record for counsel· of either side.

SAM C. COOK, P. J., delivered the opinion of the court.

The appellant in this case began this suit in the circuit court of Forrest county.  Omitting the formal parts the declaration was as follows:

"The said plaintiff complains of the defendants, L. Rubenstein and Harry Shor, partners in business and negotiating in trade under the firm name and style the Globe Dry Goods Store in an action of deceit, for that whereas heretofore, to wit:  On or about the 1st day of February, 1920, said defendants were then, and· had for a long time prior thereto been, conducting a general dry goods store in a certain building on Front street owned by Capt. J. P. Carter.  That the said plaintiff was at and before that time engaged in buying and selling automobiles, conducting said business under the name, style, and designation of Mississippi Automobile Company, and for the conduction of such business had leased that building situated at 215 West Pine street.  That the said defendants had leased the building on Front street from Capt. J. P. Carter for quite a long time, the unexpired part of lease had fifteen months to run from March 1, 1920.  That the said defendants, being desirous of closing out their said business on Front street, approached the said plaintiff with the view of getting him to take over said building and the unexpired lease thereof, which said plaintiff agreed to do, provided it was satisfactory with the landlord.  That thereupon plaintiff and defendants interviewed Capt. J. P. Carter, the landlord, who expressed willingness, and since that time expressed a thorough willingness, for plaintiff to occupy said building as his tenant, it having been agreed between plaintiff and defandants and the landlord that

plaintiff should become tenant of said premises on the 1st day of March, 1920, for defendant's unexpired lease of 15 months. Beginning said date, plaintiff thereupon surrendered his place and premises in which he was doing business on West Pine street, put cards of notice in the windows of the building and in the building on Front street, to the effect that on March 1, 1920, he would be doing business in the Globe Dry Goods Store on said Front street. The plaintiffs' landlord on Pine street immediately rented said premises to other parties for business purposes. That on the 21st day of February, 1920, plaintiff learned from another source that defendants had sold and transferred the unexpired portion of their lease on said building on said Front street to other parties, and that on or about the date aforesaid the said third parties moved into said building, and are now in the exclusive occupancy and control.

"Plaintiff avers that the defendants misled, deceived, tricked, overreached, ensnared, and intrapped the plaintiff into making said contract with him to plaintiff's great damages; that at the time the arrangement was made amongst the parties whereby plaintiff was to take over said building he suggested then and there that the terms of the agreement be embraced in a writing, but that the defendants said it was not necessary, for the reason that they would consummate the agreement when the time came as though the contract were in writing.

"Plaintiff further avers that by reason of the guile, fraud, and deceit practiced upon him by the said defendants he surrendered his lease on the building on Pine street, for the reason that the one defendants offered was more commodious, but as a result he cannot lease or sublet in any building that is suitable for the purpose of the business in which he was and is engaged.

"Plaintiff avers that by and through the fraud, deceit, and misconduct of the defendants as aforesaid he has been greatly damaged in the sum of three thousand dollars.

Wherefore he brings this his suit, and demands judgment in said sum and all costs of this suit."

To this declaration the appellee filed the general issue.

Without going into the detailed evidence, suffice it to say, that the plaintiff introduced evidence which, if believed by the jury, entitled the plaintiff to a verdict in his favor. On the other hand, the defendant testified that he never made any sort of contract to transfer his lease to the plaintiff. In this state of the record the trial court, at the request of the defendant, instructed the jury as follows:

"The court further instructs the jury for the defendants Rubenstein and Shor that before plaintiff can get a verdict against the defendants in this case he must prove clearly by a preponderance of the evidence and to the entire satisfaction of the jury each and all of the following things, namely:

"(1)  That Rubenstein and Shor falsely and deceitfully agreed with the plaintiff and contracted to rent him the store belonging to Capt. Carter for the unexpired lease which defendants had, and that Capt. Carter agreed to said lease.

"(2)  That said agreement not only was false and fraudulent when made, but it was known by the defendants at the time that such agreement was false and fraudulent.

"(3)  That said representation was made by defendants for the purpose of inducing the plaintiff to act thereon, and was intended to deceive and mislead him and to damage him thereby.

"(4)  That the false agreement was relied upon by plaintiff; and

"(5)  That plaintiff did rely upon it, and that he was deceived and actually damaged thereby; and, unless he has so clearly proven each and all of said five items by a preponderance of the evidence and to the entire satisfaction of the jury, the law is for the defendants, and it is

their sworn duty under their oaths to return a verdict promptly for the defendants."

This instruction was misleading and erroneous. In the first place it does not correctly announce the law of the case, and for the further reason that the defendant testified that he did not make any contract touching the rental of the store. In other words, the defendant said that he did not contract at all. Besides, the instruction does not correctly state the law as interpreted by this court.

In *McNeer & Dodd* v. *Norfleet et al.,* 113 Miss. 611, 74 So. 577, Ann. Cas. 1918E, 436, this court said:

"To constitute fraud it is unnecessary that a statement be made with the intention of deceiving, if it is a statement of fact."

But, as before said, this instruction was not pertinent to the issue of fact which was made by the evidence in this case. The defendant by his own testimony eliminated the question of intention to defraud, and the sole question presented to the jury was, Did he make the contract? If he did, the plaintiff was entitled to a verdict, and his intention under the facts, was not in issue.

*Reversed and remanded.*